UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TANYA THRASHER, individually
And on behalf of all others similarly
situated,**

  Plaintiff,
v.                Case No.: 8:25-cv-2095-MSS-AAS

**QUIKAID, INC.,**

  Defendant.
_____/

## ORDER

Defendant Quickaid, Inc. (Quickaid) moves for entry of an order staying discovery pending resolution of its motion to compel arbitration, or, in the alternative, to dismiss. (Doc. 22). Plaintiff Tanya Thrasher opposes the motion. (Doc. 23).

## I.  LEGAL STANDARDS

Courts generally maintain broad discretion in managing discovery matters, including staying discovery. *See Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). In exercising this discretion, a court may stay discovery under Federal Rule of Civil Procedure 26(c) if the movant shows "good cause and reasonableness." *See Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997); Fed. R. Civ. P. 26(c) (indicating that courts have discretion to

1

deny or limit discovery to protect a party from undue burden or expense and to promote a case's efficient resolution).

"In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman*, 176 F.R.D. at 652. Therefore, in making this determination, the court must "take a preliminary peek at the merits of the [allegedly dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *See id.* at 652–53 (internal quotations omitted). This court may stay discovery pending resolution of a motion to compel arbitration. *See, e.g.*, *Falcon v. Televisaunivision Digit., Inc.*, No. 8:23-cv-2340-TPB-JSS, 2024 WL 639789, at *1–2 (M.D. Fla. Feb. 15, 2024); *Hillery v. Dick Baird, Inc.*, No. 6:18-cv-1506-ORL-37-TBS, 2019 WL 13082690, at *2 (M.D. Fla. Feb. 25, 2019); *Shireman v. Tracker Marine, LLC*, No. 3:18-cv-740-J-34MCR, 2018 WL 11482799, at *2 (M.D. Fla. Nov. 30, 2018); *Harrell's LLC v. Agrium Advanced (U.S.) Techs., Inc.*, No. 8:10-cv-1499-T-33AEP, 2011 WL 1596007, at *2–3 (M.D. Fla. Apr. 27, 2011); *Morat v. Cingular Wireless LLC*, No. 3:07-cv-1057-J-20JRK, 2008 WL 11336388, at *2 (M.D. Fla. Feb. 14, 2008) ("[C]ourts have routinely stayed discovery into the underlying merits of the case when a motion to compel arbitration has been filed in good faith.") (collecting cases).

## II. DISCUSSION

Quickaid has shown good cause and reasonableness to stay discovery pending the resolution of its motion to compel arbitration, or, in the alternative, motion to dismiss. The motion, if granted, would result in the court staying the case pending completion of the arbitration proceedings, with the potential for Ms. Thrasher's claims against Quickaid to be resolved in arbitration. *See Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 841–42 (11th Cir. 2020) (finding the magistrate judge did not err in staying discovery by taking a "preliminary peek" at the motion to compel arbitration and motion to dismiss, determining "that they were likely meritorious and dispositive of the case").

In weighing the harm produced by delaying discovery against the possibility that the motion to compel arbitration will be granted, the balance tips in favor of staying discovery. Allowing discovery to proceed in this action could undermine the purposes of arbitration, as it would incur unnecessary costs, engage in time-consuming discovery efforts into the merits of this matter, and waste resources that could have otherwise been preserved for arbitration. *See Sundial Partners, Inc. v. Atl. St. Cap. Mgmt. LLC*, No. 8:15-cv-861-T-23JSS, 2016 WL 4769748, at *1 (M.D. Fla. Mar. 2, 2016) ("[P]ermitting discovery to proceed in a case that may be subject to arbitration could 'frustrate one of the purposes underlying arbitration, namely, the inexpensive and expedient resolution of disputes and the easing of court congestion.'") (quoting

3

*Niven v. Dean Witter Reynolds, Inc.*, No. 84-1594, 1985 WL 5802, at *1 (M.D. Fla. June 27, 1985); *see also Morat*, 2008 WL 11336388, at *2 ("As Plaintiff has filed a class action lawsuit, discovery into the merits could be unnecessarily expensive and time[-]consuming depending on the resolution of the Motion to Compel Arbitration."); *Feldman*, 176 F.R.D. at 653 (explaining that reasons for staying discovery, include "the elimination of unnecessary expenditures of time, money[,] and other resources").

Further, Quickaid's participation in discovery could be viewed as a waiver of arbitration. *See Harrell's LLC*, 2011 WL 1596007, at *2 ("[P]articipation in litigation, including discovery, can militate in favor of a finding that a party has waived their right to arbitrate."); *see also Citibank, N.A. v. Stok & Assocs., P.A.*, 387 F. App'x 921, 924 (11th Cir. 2010) (explaining that participating in litigation can satisfy the first prong of the waiver test "when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate") (quoting *Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.)*, 62 F.3d 1356, 1366 (11th Cir. 1995)). Thus, the court finds Quickaid demonstrated good cause to stay discovery in this matter pending resolution of the motion to compel arbitration, or, in the alternative, to dismiss.

### III.  CONCLUSION

Accordingly, Quickaid's motion to stay discovery pending resolution of

the motion to compel arbitration, or, in the alternative, to dismiss (Doc. 22) is **GRANTED**.

**ORDERED** in Tampa, Florida, on October 24, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge